**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

CIJO ENTERPRISES, LLC, A Florida limited liability company,

Plaintiff,

v. Case No: 5:26-cv-335-JSM-PRL

RED LINE PLASTICS, LLC d/b/a REDLINE PLASTICS, a Wisconsin limited liability company,

Defendant.

---

## ORDER

THIS CAUSE comes before the Court on Defendant's Motion to Transfer Venue (Dkt. 7). The Court, having reviewed the motion, response, replies, and being otherwise advised in the premises, concludes that the motion should be granted because Plaintiff agreed to litigate this action pursuant to a mandatory forum-selection clause "in either the United States District Court for the Eastern District of Wisconsin or the Wisconsin state courts located in Brown County." Accordingly, this action will be transferred to the Eastern District of Wisconsin.

## FACTUAL BACKGROUND

This action arises from a commercial relationship for the manufacture and sale of airport barricades. According to the Complaint, Defendant Red Line Plastics, a Wisconsin company, agreed to manufacture the subject barricades in Georgia and ship them to Plaintiff CIJO's customer in Colorado for use at the Denver airport. CIJO alleges that its customer

"began finding leaks" in the barricades, forcing CIJO to spend time and money to repair them. CIJO further alleges that Red Line misrepresented that it had conducted certain quality control testing and that the barricades "conformed to specifications and industry standards." Based on those allegations, CIJO asserts claims for breach of contract, fraudulent and negligent misrepresentation, fraudulent concealment, and breach of the implied warranties of merchantability and fitness for a particular purpose.

In relevant part, the Complaint alleges that the parties have conducted business together since 2023, through a consistent "transaction process" where CIJO submits a purchase order, Red Line manufactures and ships the requested products, and Red Line then issues an invoice to CIJO. The invoices direct CIJO to Red Line's "complete terms and conditions of sale" through a hyperlink appearing at the bottom of the invoice. (*See* Declarations of Nicholas Murray and the attached Exhibits). Clicking the hyperlink takes the customer (here, CIJO) directly to Red Line's online Terms and Conditions of Sale.

Red Line's motion to transfer relies on the Terms and Conditions of Sale, particularly, the mandatory forum-selection clause, which is discussed in Section 24 and provides that Wisconsin law governs the parties' agreement and that "[a]ny litigation or proceeding arising out of this Agreement shall be brought exclusively" in either the United States District Court for the Eastern District of Wisconsin or the Wisconsin state courts located in Brown County. Red Line argues that the Court should enforce the forum-selection clause by transferring this action to the Eastern District of Wisconsin.

## STANDARD OF REVIEW

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The Supreme Court instructs that when the parties have agreed to a contractual forum-selection clause, a court must transfer the case to the appropriate forum "[i]n all but the most unusual cases." *Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 66 (2013).

A valid, mandatory forum-selection clause modifies the traditional section 1404(a) analysis to the extent that the plaintiff loses its "venue privilege," i.e., the plaintiff's choice of forum merits no weight, and the plaintiff bears the burden of establishing that transfer to the bargained-for forum is unwarranted. *Id.* at 63-64. Also, "a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests" because agreement to a forum-selection clause is a waiver of the right to challenge the preselected forum as inconvenient for themselves, for their witnesses, or for their pursuit of the litigation. *Id.*

"Where a forum selection clause is mandatory, as opposed to permissive, the venue mandated by a choice of forum clause rarely will be outweighed by other § 1404(a) factors. In other words, unless the forum designated by the forum selection clause would be so unreasonable, unfair or inconvenient as to effectively deprive Plaintiff of its day in court, it is only in the most rare and exceptional cases that the Court will decline to enforce the forum selection clause." *Exceptional Urgent Care Center I, Inc. v. Protomed Medical Management*

*Corp.*, No. 5:08–cv–284–Oc 10GRJ, 2009 WL 2151181, at *9 (M.D. Fla. July 13, 2009) (internal citations omitted).

Forum-selection clauses are presumptively valid and will be invalidated only when: "(1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy." *Krenkel v. Kerzner Intern. Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009).

**DISCUSSION**

The Court concludes that CIJO agreed to Red Line's Terms and Conditions and that none of the factors permitting the Court to invalidate the forum-selection clause are present. It is undisputed that, during the relevant time, the invoices issued in connection with the transactions directed CIJO to Red Line's "complete terms and conditions of sale" through a hyperlink. CIJO does not contend that something prevented it "from clicking on the link to read the terms and conditions that would apply to" its relationship with Red Line. *Feggestad v. Kerzner Int'l Bah. Ltd.*, 843 F.3d 915, 919 (11th Cir. 2016) (concluding that an email containing a hyperlink to terms and conditions provided sufficient notice of the forum-selection clause); *see also Lebedinsky v. MSC Cruises, S.A.*, 789 F. App'x 196, 201 (11th Cir. 2019) (per curiam) (concluding that the forum-selection clause was adequately communicated when a consumer "was required to follow two hyperlinks and then scroll down to locate the forum selection clause").

Also, the forum-selection clause clearly applies to all of Plaintiff's claims because the forum-selection clause encompasses "[a]ny litigation or proceeding arising out of this

Agreement." "[T]he Eleventh Circuit has concluded that 'any' means 'every' or 'all.'" *Western Botanicals Fl, LLC v. Morse*, Case No: 6:24-cv-1871-PGB-LHP, 2025 WL 448802, at *3 (M.D. Fla. Feb. 10, 2025) (citing *DeRoy v. Carnival Corp.*, 963 F.3d 1302, 1316 (11th Cir. 2020)).

There is no other basis to invalidate the forum-selection clause because there is no evidence that: "(1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of [its] day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy." *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009). Accordingly, the Court concludes that the forum-selection clause is enforceable, and the case should be transferred in accordance with the clause.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Transfer Venue (Dkt. 7) is granted.
2. The Clerk is directed to transfer this case to the Eastern District of Wisconsin.
3. The Clerk is then directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida, this November 6, 2026.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record